UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 23  P 2: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

MARTHA M. MARIE,

Plaintiff

v.

ALLIED HOME MORTGAGE
CORPORATION AND JOSEPH
THOMPSON,

Defendants.

Civil Action No.: 1:03-cv-12484-RGS

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALLIED HOME MORTGAGE CORPORATION'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* defendant Allied Home Mortgage Corporation ("Allied") has moved this Court to compel arbitration in this matter and to stay the proceedings in this case as against Allied. This memorandum of law is submitted in support of that motion.

## I.    FACTS

Plaintiff Martha Marie ("plaintiff" or "Ms. Marie") was previously employed as a mortgage loan processor for Allied Home Mortgage. (Plaintiff's Complaint, ¶ 5, attached hereto at Exhibit A). On November 1, 2000, plaintiff and Allied executed an Employment Agreement wherein they agreed to settle all disputes, controversies and claims arising out of Ms. Marie's employment through participation in binding arbitration. (Attached hereto at Exhibit B, hereinafter "Agreement").

In Paragraph 5.1 of the Agreement, the parties set forth the claims covered by the

Agreement, stating in pertinent part:

> Employer and Employee agree to submit to final and binding arbitration any and
> all disputes, claims (whether in tort, contract, statutory, or otherwise), and
> disagreements concerning the interpretation or application of this Agreement and
> Employee's employment by Employer and the termination of this Agreement and
> Employee's employment by Employer including the arbitrability of any such
> controversy or claim...

The Agreement further provides terms establishing time limits for commencing

arbitration, procedures for the conduct of arbitration, and procedures for selecting an

impartial arbitrator.  Finally, the Agreement states that:

> Employee and Employer agree that the decision of the AAA regarding the
> arbitrators selected hereunder will be final and binding on both parties.  The
> parties agree that a judgment of a state or federal court with jurisdiction over the
> parties hereto may be entered upon the award made pursuant to the arbitration.

In violation of the parties' agreement to arbitrate such claims, the plaintiff has

filed the instant action alleging the following employment claims against Allied:  breach

of contract, unjust enrichment, negligent supervision, and sexual harassment.  The

plaintiff has also alleged a claim of assault and battery against Allied.  Further, the

plaintiff has alleged the following claims against Mr. Thompson: sexual harassment and

assault and battery.  (See Complaint).  The plaintiff has not effectuated service of Mr.

Thompson, and thus he has not been joined as a party to this action.

On December 22, 2003, Allied commenced arbitration proceedings with the

American Arbitration Association pertaining to the claims alleged against it by the

plaintiff.  (See Demand for Arbitration attached hereto at Exhibit C).  The Demand for

Arbitration was served on plaintiff's counsel by facsimile and first class mail on

December 23, 2003.  (See Letter to Robert Mendillo, Esq. attached hereto at Exhibit D).

2

II.    **ANALYSIS**

A.    **Introduction**

The Court should compel arbitration in this matter and stay all further proceedings against Allied because the plaintiff and Allied have a valid agreement to arbitrate the claims alleged in the plaintiff's Complaint. The parties' unambiguous agreement, which includes a provision requiring the arbitration of arbitrability, requires this conclusion pursuant to the Federal Arbitration Act.

B.    **Federal Arbitration Act Controls Issue**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, states that "a written provision in any …contract evidencing a transaction involving commerce…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract." Section 4 of the FAA further provides that "[a] party aggrieved by the alleged failure or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which…would have jurisdiction…for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "The Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 217 (1985). In addition, Section 3 of the FAA provides that the Court shall stay the proceedings in the case pertaining to arbitrable claims when the court properly refers the matters to arbitration. 9 U.S.C. § 3. Where some claims in the complaint are not properly arbitrable, the court may nonetheless stay the action while the arbitrable claims

3

are resolved. See 9 U.S.C. § 3; Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,

460 U.S. 1, 21, n. 23 (1983); Cannavo v. Enterprise Messaging Svcs., Inc., 982 F. Supp.

54, 60 (D. Mass. 1997). Accordingly, for these reasons, the FAA controls this issue.

Further, it is well-settled that the FAA applies to arbitration agreements between

employers and employees, such as the one at issue here. In Circuit City Stores, Inc. v.

Adams, 532 U.S. 105, 119 (2001), the Supreme Court definitively established that only

contracts of employment of transportation workers are exempted from the FAA.

### C.    Application of FAA Principles

There is a two-part test for deciding a motion to compel arbitration pursuant to the

FAA. The court must first consider whether the parties have "agreed to arbitrate some

claims." Brennan v. King, 139 F.3d 258, 264 (1st Cir. 1998); see also Intergen N.V. v.

Grina, 344 F.3d 134, 142 (1st Cir. 2003). Next, the court determines whether the dispute

which is the focus of the lawsuit is the "sort of dispute that the parties agreed to

arbitrate." Id. Where the parties have committed the question of arbitrability to

arbitration, however, the court need not reach this second issue. Rather, where there is

"clear and unmistakable" evidence that the parties agreed to arbitrate the issue of

arbitrability, the scope of the agreement and arbitrability of the claims are committed to

arbitration. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). The

courts apply ordinary state-law principles that govern the formation of contracts to

determine whether the parties have agreed to arbitrate the issue of arbitrability. Id.

### D.    Parties' Agreement to Arbitrate & Arbitrability

As is set forth in the Agreement, the plaintiff and Allied have agreed to arbitrate:

any and all disputes, claims (whether in tort, contract, statutory, or otherwise), and
disagreements concerning the interpretation or application of this Agreement and

4

Employee's employment by Employer and the termination of this Agreement and Employee's employment by Employer including the arbitrability of any such controversy or claim.

The language of the Agreement makes clear that the intent of the parties was to arbitrate claims such as those brought by the plaintiff in the current action. Further, there is no evidence to suggest that the plaintiff did not knowingly enter into the agreement, or that she was induced to enter the agreement through fraud or illegal coercion.

Finally, the scope of the agreement to arbitrate must be decided by the arbitrator because there is "clear and unmistakable" evidence that the parties agreed to arbitrate arbitrability. See First Options, 514 U.S. at 943; Coady v. Ashcraft & Gerel, 223 F.3d 1, 9 (1st Cir. 2000). See also Johnson v. Polaris Sales, Inc., 257 F. Supp. 2d 300, 305 (D. Me. 2003) ("if the contracting parties provide clear and unmistakable evidence of an intent to arbitrate arbitrability," the judicial determination of arbitrability is "removed from the province of the court."). Here, the contract terms outlining the nature of disputes subject to arbitration state unequivocally that "the arbitrability of any such controversy or claim" must be arbitrated. (Agreement, ¶ 5.1). The Johnson court construed nearly identical contract language to the one at bar and held that the plain language of the agreement to arbitrate "indicates that the arbitrator should decide the sweep of the arbitration clause." Likewise, in the case at bar, the plain meaning of the contract language definitively establishes that the parties "were aware of and focused on 'the significance of having arbitrators decide the scope of their own powers.'" Johnson, 257 F. Supp. 2d at 308 (citing First Options, 514 U.S. at 945); see also Sherman v. Employers' Liability Assurance Corp., Ltd, 343 Mass. 354, 356 (1961) (when words used in contract "are plain and free from ambiguity they must be construed in their usual and

5

ordinary sense"); Forte v. Caruso, 336 Mass. 476, 480 (1957) ("plain words are to be given their plain meaning where no inconsistency results or there is no controlling indication in the instrument of other intent"). Accordingly, the Court should compel arbitration in this matter and stay the proceedings in this case as against Allied.

### E.    Separate and Distinct Claims

The claims alleged against Mr. Thompson in the instant case do not bar the arbitration and stay of the matter with respect to the arbitrable claims raised against Allied. See Byrd, 470 U.S. at 217. As is established above, the plaintiff and Allied have a binding arbitration agreement which requires the arbitration of the claims alleged against Allied. Further, the claims alleged against both parties are sufficiently separate and distinct to permit a stay only as to the claims alleged against Allied. Although the plaintiff alleges claims of negligent supervision and assault and battery against Allied, such claims are clearly not sustainable.[1]  Rather, the sum and substance of the plaintiff's colorable claims against Allied are wage claims sounding in contract, unjust enrichment,

---

[1] There is no respondeat superior liability under the facts alleged here for plaintiff's claims of assault and battery. See Miller v. Federated Dep't Stores, 364 Mass. 340, 349-50 (1973). In the alternative, where such claims are found to be within the scope of employment, they are barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, G.L. c. 152, § 4. See Grant v. John Hancock Mutual Life Ins. Co., 183 F. Supp. 2d 344, 364 (D. Mass. 2002). Moreover, the plaintiff's claim for negligent supervision against Allied is barred both by the exclusivity provisions of the Workers' Compensation Act, and for failure to state a claim, as such a claim can only be pursued by allegedly affected members of the public (not employees). See Vicarelli v. Business Int'l, Inc., 973 F. Supp. 241, 246 (D. Mass. 1997) (tort of negligent supervision relates to situations where "employees are brought into contact with members of the public in the course of an employer's business."); Felinska v. New England Teamsters and Trucking Ind. Pension Fund, 855 f. Supp. 474, 478 (D. Mass. 1994) (employee's negligent supervision claim against employer was compensable exclusively under Workers' Compensation Act); see also Tavares de Almeida v. Children's Museum, 28 F. Supp. 2d 682, 689 (D. Mass. 1998); Vicarelli, 973 F. Supp. at 246; Foster v. The Loft, Inc., 26 Mass. App. Ct. 289, 290-91 (1988).

and a sexual harassment claim under Title VII.  Further, although the plaintiff alleges a

claim of sexual harassment against Mr. Thompson, this claim is also not sustainable. [2]

Thus the sum and substance of the plaintiff's colorable claim(s) against Mr. Thompson is

one for assault and battery.

Here, unlike in Cannavo, 982 F. Supp. at 60, *supra*, the employment claims

against Allied, which are the core of the arbitration, do not raise issues which are central

to the assault and battery case against Mr. Thompson.  Accordingly, the decision by the

arbitrator with respect to the claims against Allied would not have a preclusive or

"evidentiary or issue-narrowing effect" on the claim(s) alleged against Mr. Thompson.

See Cannavo, 982 F. Supp. at 60.  Thus, the Court should compel arbitration and stay the

matter with respect to the claims against Allied, allowing the separate and distinct

claim(s) the plaintiff has against Mr. Thompson to proceed in the litigation forum.

## III.   CONCLUSION

For the reasons outlined above, Allied respectfully requests that this Court compel

arbitration and stay proceedings as to the claims alleged against Allied.

---

[2] It is well-established that there is no individual liability for claims under Title VII.
Although the First Circuit has yet to decide this issue, the majority of District Courts in
the First Circuit, and every Circuit Court that has interpreted the definition of
"employer," have concluded that Congress did not intend to impose individual liability
upon agents of an employer.  See Healey v. Henderson, 275 F. Supp. 2d 40, 44-45 (D.
Mass. 2003) and cases cited therein.

Respectfully submitted,

ALLIED HOME MORTGAGE
CORPORATION

By its attorneys,

_____
Diane Saunders (BBO No. 562872)
Danielle Meagher (BBO No. 648305)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

Dated: December 23, 2003

### Certificate of Service

I hereby certify that a copy of the foregoing document was served upon counsel for the plaintiff, Robert M. Mendillo, Esq., Mendillo & Ross, LLP, One Liberty Square, Boston, MA 02109, by regular mail this 23rd day of December, 2003.

_____
Diane Saunders

8