UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARTHA M. MARIE, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:03-CV-12484-RGS |
| ALLIED HOME MORTGAGE CORPORATION and JOSEPH THOMPSON, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT ALLIED HOME MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

Plaintiff, Martha M. Marie ("Marie"), hereby opposes the motion of defendant Allied Home Mortgage Corporation ("Allied") to compel arbitration of her claims against Allied and to stay proceedings in this case against Allied. For the reasons explained below, Allied lost its 0-day right to initiate arbitration by freely participating for 86 days in the EEOC proceedings that were a legal prerequisite to Marie's Title VII claims in this case.

## FACTS

Marie's amended complaint (Exhibit A to Allied's Memorandum) alleges the following facts:

Marie lives in Lawrence, Massachusetts. Allied, a Texas corporation, employs approximately 4,000 people nationwide. Allied is in the business of mortgage banking. Defendant, Joseph Thompson ("Thompson"), is believed to be a resident of Essex County, but

his current residence is unknown to Marie. At all times relevant hereto, Thompson was an employee of Allied and was Marie's supervisor. (¶¶ 1-3)

From March 2000 through May 15, 2003, Thompson was employed as a branch manager of Allied's office in Woburn. On or about November 1, 2000, Thompson, who then was Marie's boyfriend, hired Marie as a mortgage loan processor and became her supervisor. As compensation, Marie was to receive 50% of loan origination fees on all loans that she originated. (¶¶ 4-5)

During her employment, Marie originated a number of loans for which she should have been designated the loan originator. Thompson, however, through undue influence, verbal abuse, and threats of physical abuse, was able to divert origination credit for the loans to himself thereby depriving Marie of income. In furtherance of his scheme to divert income from Marie to himself, Thompson under-reported Marie's income to Allied, and upon information and belief Allied knew about this and did nothing about it. Thompson also wrongfully made Marie pay for office supplies out of her own pocket, and enlisted Marie to engage in an "autodialing" scheme in violation of The Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, which prohibits the commercial use of pre-recorded telephone messages. (¶¶ 6-9)[1]

In the winter of 2002, Thompson became angry at Marie over work that she was doing for Allied, and while they were driving in a car he stopped the car and threw her out. In June 2002, Thompson became angry with Marie again in Allied's offices and beat her because of his dissatisfaction with her work, and because he suspected her of having a sexual affair with another Allied employee. In response to this, in July 2002 Marie sought and obtained an Abuse Prevention Order from the Salem District Court requiring Thompson to stay away from her.

---

[1] According to the December 24, 2003 Boston Globe, Allied settled charges regarding this by paying the Massachusetts Attorney General's office $65,000 (see **Exhibit 1** hereto).

2

Because of this physical assault, Marie did not return to work, and Allied falsely reported in its personnel records that she had voluntarily quit her position. Subsequently, Thompson, who has had an arrest warrant issued for him for reasons unknown to Marie, had the restraining order against him extended and it is still in force. (¶¶ 10-14)

On April 23, 2003, Marie filed a charge of sexual discrimination against Allied and Thompson with the Boston office of the EEOC (see **Exhibit 2** hereto). On April 30, the EEOC sent Allied a Notice of Charge of Discrimination (see **Exhibit 3** hereto). On May 22, 2003, Allied filed a response (see **Exhibit 4**). The response did not object to the EEOC's jurisdiction, and did not state that Marie's charge was subject to an arbitration agreement. On July 18, 2003, the EEOC issued Marie a right to sue letter (see **Exhibit 5** hereto). Allied did not object to the right to sue letter.

In October, Marie commenced this action in Essex Superior Court. Her complaint alleged breach of contract, unjust enrichment and negligent supervision counts against Allied and sexual harassment and assault and battery counts against Allied and Thompson. Allied removed the case to this Court. Thompson has not been served yet because Marie does not know where he lives. On December 19, 2003, Marie's counsel asked Allied's counsel for Thompson's address (see **Exhibit 6** hereto), but there has been no response to the request.

On December 22, 2003, Allied filed a demand for arbitration with the AAA, and on December 23, 2003, Allied filed its pending motion.

### I.   ALLIED LOST ANY RIGHT TO ARBITRATE BY NOT INITIATING ARBITRATION OF THE EEOC CHARGE.

Marie acknowledges that her Employment Agreement (see Allied's Exhibit B) contains an arbitration clause. The first line of the agreement, drafted completely by Allied, states:

> [THIS EMPLOYMENT AGREEMENT IS SUBJECT TO ARBITRATION.
> BY SIGNING THIS EMPLOYMENT AGREEMENT, YOU ARE WAIVING

3

YOUR RIGHT TO A JURY TRIAL FOR CERTAIN CLAIMS. PLEASE READ ARTICLE V, 5.1 CAREFULLY.]

Article V, 5.1 provides:

> 5.1 Employer and Employee agree to submit to final and binding arbitration any and all disputes, claims (whether in tort, contract, statutory, or otherwise), and disagreements concerning the interpretation or application of this Agreement and Employee's employment by the Employer and the termination of this Agreement and Employee's employment by Employer including the arbitrability of any such controversy or claim; provided, however, notwithstanding the foregoing and in no event shall any dispute, claim, or disagreement arising under Article IV of this Agreement be admitted to arbitration pursuant to this Section 5.1 or otherwise. Any such dispute, claim, and disagreement subject to arbitration pursuant to the terms of this Section 5.1 shall be resolved by arbitration in accordance with the Employment Dispute Resolution Rules ("Arbitration Rules") of the American Arbitration Association (the "AAA") in effect at the time of arbitration. **Arbitration under this section must be initiated within sixty days of the action, inaction, or occurrence about which the party initiating the arbitration is complaining.** The AAA will select a neutral arbitrator pursuant to the rules of the AAA Arbitration Rules, as those rules may be amended from time to time. Employee and Employer agree that the decision of the AAA regarding the arbitrators selected hereunder will be final and binding on both parties. The parties agree that a judgment of a state or federal court with jurisdiction over the parties hereto may be entered upon the award made pursuant to the arbitration. (emphasis added)

The above-emphasized language, which Allied did not include in its memorandum (see pages 2 and 4-5), establishes that Allied did not initiate arbitration within sixty days. The chronology is as follows:

- April 23, 2003    Marie files Charge of Discrimination with EEOC. (**Exhibit 2**)

- April 30, 2003    EEOC issues Notice of Charge of Discrimination to Allied. (**Exhibit 3**)

- May 22, 2003    Allied submits its position statement to EEOC. (**Exhibit 4**)

- July 18, 2003    EEOC issues Dismissal and Notice of Rights (**Exhibit 5**)

If, as Allied maintains, Marie's Title VII claim is arbitable, then the very terms of Allied's own contract clearly stated that it **must** initiate arbitration within 60 days of the

4

April 23, 2003 charge, i.e. by June 22, 2003. Allied did not initiate arbitration in response to Marie's charge, and before the EEOC Allied never claimed that the charge was arbitable. By allowing the EEOC 86 days to decide Marie's charge, Allied lost its 60-day right to arbitrate the Title VII claim, and the related state law claims based on the same nucleus of operative facts. See Home Gas Corp. of Massachusetts, Inc. v. Walter's of Hadley, Inc., 403 Mass. 772, 775 (1989) (contract right to arbitrate may be lost through failure to assert right timely). Allied's motion should be denied as untimely.

* * *

Although Allied points out that in Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001), the Supreme Court ruled that the FAA applies to arbitration agreements between employers and employees, that case involved only state law claims and not Title VII claims. Allied has not cited a decision holding that Title VII claims are arbitable. Moreover, in O'Brien v. Town of Agawam, No. 03-1685, December 2, 2003 (1st Cir. 2003), the Court of Appeals noted Circuit City and decided that grievance and arbitration procedures in the plaintiffs' collective bargaining agreement did not bar them from filing FLSA claims directly in federal court.

Marie is essentially indigent and cannot afford the costs of arbitration. Her 2002 income from Allied was only $3,280.49 (see **Exhibit 7** hereto). If Allied's motion is allowed, then it should be conditioned upon Allied paying all the costs and fees of the arbitration, including all fees charged by the arbitrator (which could be thousands of dollars). Marie cannot be denied a forum for her Title VII claim and other claims because she cannot afford arbitration imposed upon her by Allied. Further documentation of Marie's indigency can be provided to the Court if needed.

## CONCLUSION

For the reasons stated above, Marie respectfully requests that Allied's motion be denied.

MARTHA M. MARIE,
By her attorneys,

*[signature: Robert M. Mendillo]*

Robert M. Mendillo, BBO #342730
MENDILLO & ROSS, LLP
One Liberty Square
Boston, MA 02109
617-338-9050

Dated: December 30, 2003

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each party by mail (~~by hand~~) on 12/30/03.

*[signature: Robert M. Mendillo]* **(Signature)**

6

MENDILLO & ROSS, LLP

Attorneys at Law
One Liberty Square
Boston, Massachusetts 02109

Robert M. Mendillo
Abbe L. Ross

(617) 338-9050
(617) 338-5959 (facsimile)
e-mail: rmm@mendilloross.com
alr@mendilloross.com

FILED
IN CLERKS OFFICE
2004 JAN -5 P 12: 12
U.S. DISTRICT COURT
DISTRICT OF MASS.

December 30, 2003

Civil Clerk's Office
United States Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:   <u>Martha Marie v. Allied Home Mortgage Corporation, et al.</u>,
          Civil Action No. 1:03-CV-12484-RGS

Dear Sir/Madam:

This firm represents the plaintiff, Martha Marie, in the above-referenced matter.

Enclosed for filing, please find Plaintiff's Opposition to Defendant Allied Home Mortgage Corporation's Motion to Compel Arbitration and to Stay Proceedings.

Thank you for your attention to this matter. Please call if you have any questions.

                                                            Very truly yours,

                                                            Robert M. Mendillo

RMM/pw
Enclosure
cc:    Danielle Meagher, Esquire (w/enclosure)