UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTHA M. MARIE,<br><br>Plaintiff<br><br>v.<br><br>ALLIED HOME MORTGAGE CORPORATION AND JOSEPH THOMPSON,<br><br>Defendants. | Civil Action No.: 1:03-cv-12484-RGS |

**MEMORANDUM OF LAW IN SUPPORT OF ALLIED HOME MORTGAGE CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO RECONSIDER**

### Introduction

Pursuant to Rules 12(b)(6) and/or 59(e) of the Federal Rules of Civil Procedure, defendant Allied Home Mortgage Corporation ("Allied") has moved this Court to dismiss the plaintiff's Amended Complaint as untimely or in the alternative to reconsider the Court's Order dated January 8, 2004 denying Allied's motion compel arbitration. This memorandum of law is submitted in support of that motion.

### Facts

Plaintiff Martha Marie ("plaintiff" or "Ms. Marie") was previously employed as a mortgage loan processor for Allied Home Mortgage.[1] (Plaintiff's Amended Complaint, at ¶ 5, attached hereto at Exhibit A). She left her employment with Allied in June of 2002. (Amended

---

[1] Allied also refers the Court to the Statement of Facts provided in the Memorandum in Support of Defendant Allied Home Mortgage Corporation's Motion to Compel Arbitration and to Stay Proceedings.

Complaint at ¶11). Prior to the plaintiff's departure, on November 1, 2000, plaintiff and Allied executed an Employment Agreement wherein they agreed to settle all disputes, controversies and claims arising out of Ms. Marie's employment through participation in binding arbitration. (Attached hereto at Exhibit B, hereinafter "Agreement").

In Paragraph 5.1 of the Agreement, the parties set forth the claims covered by the Agreement, stating in pertinent part:

> Employer and Employee agree to submit to final and binding arbitration any and all disputes, claims (whether in tort, contract, statutory, or otherwise), and disagreements concerning the interpretation or application of this Agreement and Employee's employment by Employer and the termination of this Agreement and Employee's employment by Employer including the arbitrability of any such controversy or claim…

Further, the parties provided that "arbitration under this section must be initiated within sixty days of the action, inaction, or occurrence about which the party initiating the arbitration is complaining." (Agreement at ¶5.1).

Rather than commencing an arbitration action, the plaintiff filed a Charge of Discrimination with the EEOC. The EEOC investigated her allegations and issued a Dismissal and Notice of Rights on July 19, 2003. (EEOC Dismissal and Notice of Rights attached hereto at Exhibit C). The plaintiff subsequently filed her Civil Complaint on October 14, 2003 and an Amended Complaint on November 6, 2003.[2] (See Amended Complaint; Docket Report of Essex Superior Court attached hereto at Exhibit D). Allied did not have notice of the plaintiff's Complaint or Amended Complaint until it was served with the Amended Complaint on or about November 20, 2003. (See Amended Complaint).

---

[2] The Amended Complaint alleged the following employment claims against Allied: breach of contract, unjust enrichment, negligent supervision, and sexual harassment. (Amended Complaint). The plaintiff has also alleged a claim of assault and battery against Allied. Id. Further, the plaintiff has alleged the following claims against Mr. Thompson: sexual harassment and assault and battery. Id.

2

On December 23, 2003, Allied moved to compel arbitration of the plaintiff's claims and to stay the instant matter. Allied instituted proceedings with the American Arbitration Association (AAA) on December 22, 2003. (See Demand for Arbitration at Exhibit E).

On January 8, 2004, the Court denied Allied's motion to compel arbitration, stating:

> It being undisputed that the initiation of arbitration proceedings occurred on December 22, 2003, more than sixty days after the conclusion of charge proceedings before the Equal Opportunity[sic] Employment [sic] Commission, the demand for arbitration is untimely under Article V of plaintiff's employment agreement. The motion to stay proceedings and compel arbitration is therefore <u>DENIED</u>."

(Order dated January 8, 2004 attached hereto at Exhibit F).[3]

Allied now moves to dismiss the Amended Complaint against it as untimely, or in the alternative, for reconsideration of the denial of its motion to compel arbitration.

## Argument

**I.  The Plaintiff's Amended Complaint Must Be Dismissed as Untimely.**

In its Order dated January 8, 2004, the Court denied Allied's motion to compel arbitration of the plaintiff's claims as untimely. (Order dated January 8, 2004). In Paragraph 5.1 of the Agreement, the parties provided that "arbitration under this section must be initiated within sixty days of the action, inaction, or occurrence about which the party initiating the arbitration is complaining." (Agreement at ¶5.1). Thus, the Court reasoned that more than sixty days had

---

[3] When reviewing a motion to dismiss under Rule 12(b)(6), the Court may take into consideration documents which were not attached to the complaint or expressly incorporated therein if they are documents the authenticity of which is not disputed by the parties, official public records, documents central to the plaintiff's claim, or documents sufficiently referred to in the complaint. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Horney v. Westfield Gage Co., 95 F. Supp.2d 29, 31 (D. Mass. 2000). Here, the Agreement and Demand for Arbitration have been incorporated by reference into the Court's Order dated January 8, 2004 which is properly the subject of consideration under Watterson and Horney. Further, in its Opposition to Allied's motion to compel arbitration, the plaintiff did not disputed the authenticity of the Agreement or the Demand. In addition, the EEOC proceedings have been explicitly incorporated by reference into the plaintiff's Amended Complaint. See Amended Complaint at ¶¶ 24-25. Further, the Superior Court's docket statement is an official public record.

passed after the conclusion of EEOC charge proceedings before Allied instituted arbitration proceedings in this matter. (Order dated January 8, 2004).

The plaintiff's claims in her Civil Complaint, including her claims under Title VII, fall within the purview of the arbitration clause contained within the Agreement and are subject to mandatory arbitration. See Agreement at ¶ 5.1; see also Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001) (arbitration agreements which encompass federal and state statutory claims are generally enforceable under the FAA); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23 (1991) (ADEA claim arbitrable); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F.3d 1, 9 (1st Cir. 1999) (Title VII claims are arbitrable where there has been voluntary and knowing waiver of statutory claims); Deluca v. Bear Stearns & Co., Inc., 175 F. Supp.2d 102 (D. Mass. 2001) (same). Pursuant to the Agreement, plaintiff had sixty days after the conclusion of the EEOC proceedings to initiate arbitration proceedings on her Title VII claim. Nonetheless, the plaintiff failed to initiate arbitration proceedings, or otherwise commence litigation pertaining to her Title VII claim, more than sixty days after the conclusion of the EEOC proceedings on July 19, 2003. Plaintiff's Title VII claim is, therefore, untimely.

Furthermore, the plaintiff's claims of breach of contract, unjust enrichment, and negligent supervision against Allied are also untimely because the alleged wrongful conduct by Allied ceased, at the latest, in June of 2002. Plaintiff, however, waited until October 14, 2003 to file her Civil Complaint in this matter, at which point the sixty-day limitations period contained in the arbitration provision had long since expired.

Thus, applying the reasoning of the Court's Order dated January 8, 2004, the plaintiff's claims against Allied must be dismissed as untimely.

## II. In the Alternative, the Court Should Reconsider Its Denial of Allied's Motion to Compel Arbitration Due to Manifest Error of Law or Fact.

### A. Standard

A motion for reconsideration of the denial of a motion to compel arbitration is construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). See Federal Deposit Ins. Corp. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); National Metal Finishing, Inc. v. Barclays Am./Comm., Inc., 899 F.2d 119, 122 (1st Cir. 1990); Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989). The motion must be granted where the moving party clearly establishes a manifest error of law or fact, presents newly discovered evidence, or establishes an intervening change in the law. World, 978 F.2d at 16; National Metal, 899 F.2d at 124 & fn. 2. In the instant case, Allied's Motion for Reconsideration must be granted because the Order denying its motion to compel arbitration was premised upon a manifest error of law or fact.

### B. The Statute of Limitations for Demanding Arbitration as Applied to Allied Did Not Commence Upon the Conclusion of EEOC Proceedings.

The Court's Order issued on January 8, 2004 concluded that because Allied initiated arbitration proceedings on December 22, 2003, "more than sixty days after the conclusion of charge proceedings before the Equal Opportunity[sic] Employment [sic] Commission, the demand for arbitration is untimely under Article V of plaintiff's employment agreement." In other words, the Court concluded that the sixty-day time period contained within the Agreement applied both to bringing claims affirmatively and demanding arbitration. (See Order dated January 8, 2004). However, Allied's commencement of arbitration proceedings with the AAA was timely because the time period for demanding arbitration as applied to Allied did not begin

5

to run until Allied was served with the Amended Complaint and thus had notice of the instant lawsuit.

> *1.   The Federal Arbitration Act, and not the parties' Agreement, sets forth the time period for a demand for arbitration by Allied.*

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Allied's demand for arbitration was timely. An action to compel arbitration under the Federal Arbitration Act accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute. PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995); Reconstruction Finance Corp. v. Harrisons & Crosfield, 204 F.2d 366, 369 (2d Cir. 1953). As the court reasoned in PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995), a petition to compel arbitration under the FAA provides relief only to those persons "*aggrieved* by the alleged failure, neglect, or refusal of another to arbitrate." (emphasis in original); see 9 U.S.C. § 4. Unless the respondent has resisted arbitration, the petitioner has not been "aggrieved" by anything. PaineWebber, 61 F.3d at 1067. The court noted that the reason for such a rule is that "unless and until an adverse party has refused to arbitrate a dispute putatively governed by a contractual arbitration clause, no breach of contract has occurred, no dispute over whether to arbitrate has arisen, and no harm has befallen the petitioner." Id. Further, the court reasoned that "it is doubtful that a petition to compel arbitration filed before the adverse party has refused arbitration would present an Article III court with a justiciable case or controversy in the first instance." Id.

Here, pursuant to the FAA, the sixty-day limitations period provided in the Agreement did not apply to the demand for arbitration by Allied. Rather, Allied had six years – the time

permitted in the state statute of limitations for contract actions – in which to demand arbitration from the plaintiff. See MASS. GEN. LAWS ANN. c. 260, § 2; PaineWebber, 61 F.3d at 1066 (applying state statute of limitations for breach of contract to time limit for demand for arbitration); Reconstruction, 204 F.2d at 369 (same). This result is particularly warranted because the language in the Agreement did not clearly restrict the limitations period for Allied to demand arbitration to sixty days. See Agreement at ¶ 5.1. Accordingly, the statute of limitations for contract actions applied and Allied's demand for arbitration was timely.

2. *Even if the relevant time period for Allied to demand arbitration was sixty days, Allied's demand was timely.*

Even if the sixty-day limitations period in the Agreement did apply to a demand for arbitration by Allied, Allied's demand for arbitration was still timely. In its Order, this Court ruled that Allied's demand for arbitration was untimely because it was not commenced within sixty days after the conclusion of the EEOC proceedings. Prior to the initiation of a Civil Complaint by an employee, however, there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality..." McInnis-Misenor v. Maine Med. Ctr., 319 F.3d 63, 70 (1st Cir. 2003); see also ("a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all"). Likewise, in the case at bar, at the conclusion of the EEOC proceedings, prior to the plaintiff's filing of her Civil Complaint, there was no live "substantial controversy" between the parties sufficient to render the commencement of arbitration by Allied appropriate. See McInnis, 319 F.3d at 70. Rather, the ripeness of Allied's commencement of arbitration rested upon the contingent future event of the plaintiff's filing of a Civil Complaint following the issuance of a Dismissal by the EEOC. See Texas v. United States, 523 U.S. 296, 300 (1998). Under the

7

reasoning of this Court, Allied, and other employers, would have to demand arbitration within sixty days of each employee's departure, or within sixty days of the conclusion of EEOC proceedings by such employee, despite the lack of an actual live dispute and the fact that employees often do not end up pursuing litigation further.

Accordingly, the limitations period for initiating arbitration in this case did not commence at the conclusion of the EEOC proceedings. In this instance, Allied had no awareness that an actual controversy existed until the plaintiff served Allied with its Amended Complaint. Thus, Allied's demand for arbitration within sixty days of service of the plaintiff's Amended Complaint was timely. Allied served its Demand for Arbitration on December 22, 2003.[4] The plaintiff has yet to respond to Allied's Demand and has thus failed to clearly manifest her intent not to proceed to arbitration. Thus, the demand for arbitration by Allied continues to be timely.

In the alternative, the plaintiff manifested her clear intent not to proceed to arbitration when she served Allied with her Amended Complaint.[5] Because Allied served its demand for arbitration within sixty days of service of plaintiff's Amended Complaint, its efforts were timely.

Thus, the Court must reconsider its denial of Allied's motion to compel arbitration.

## Conclusion

For the reasons outlined above, Allied respectfully requests that this Court dismiss the plaintiff's Amended Complaint as against Allied, or in the alternative, reconsider its denial of Allied's motion compel arbitration and stay proceedings as to the claims alleged against Allied.

---

[4] The reason Allied commenced arbitration proceedings before moving to compel arbitration was that this Court's decision in Cannavo v. Enterprise Messaging Svcs., Inc., 982 F. Supp. 54, 60 (D. Mass. 1997), appeared to mandate that such proceedings be commenced prior to a motion to compel arbitration.

[5] The plaintiff never even served her original Civil Complaint on Allied. Rather, she served her Amended Complaint on Allied, which was served approximately thirty-five days after she filed her original Civil Complaint. Prior to this time, Allied had no notice of the plaintiff's election to proceed in Court.

Respectfully submitted,

ALLIED HOME MORTGAGE CORPORATION

By its attorneys,

*/s/ Danielle Meagher*
Diane Saunders (BBO No. 562872)
Danielle Meagher (BBO No. 648305)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

Dated: January 26, 2004

### Certificate of Service

I hereby certify that a copy of the foregoing document was served upon counsel for the plaintiff, Robert M. Mendillo, Esq., Mendillo & Ross, LLP, One Liberty Square, Boston, MA 02109, by regular mail this 26th day of January, 2004.

*/s/ Danielle Meagher*
Danielle L. Meagher

9