UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARTHA M. MARIE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLIED HOME MORTGAGE )<br>CORPORATION and )<br>JOSEPH THOMPSON, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.<br>1:03-CV-12484-RGS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT ALLIED HOME MORTGAGE CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO RECONSIDER

For the reasons explained below, plaintiff, Martha M. Marie ("Marie"), respectfully requests that Allied's motion be denied.

First, Allied filed its motion without having the motion conference required by Local Rule 7.1(A)(2).

Second, to the extent that Allied seeks reconsideration under Fed. R. Civ. P. 59(e), its motion is late. Rule 59(e) motions for reconsideration must be filed within ten days after entry of the order or judgment at issue. Here, the Court's January 8th order was entered on January 12th (see docket entry #7), but Allied did not file its motion until January 26th.

Third, Allied's motion does not explain why its motion to compel arbitration excluded any reference to or discussion of the 60-day arbitration initiation provision of the arbitration agreement. This suggests that Allied shunned this provision because it knew its arbitration demand was "untimely," as the Court ultimately determined.

Fourth, Allied has failed to show that the Court's January 8th order constitutes manifest error of law or fact. On April 23, 2003, Marie filed her EEOC charge. In response, Allied had 60 days to initiate arbitration, but that 60-day period ended on or about June 23, 2003 without Allied doing so. On July 18, 2003, the EEOC charge proceedings ended and a right to sue letter issued. Then, as the Court determined, it is "undisputed" that more than 60 days passed without Allied demanding that Marie's Title VII claim be arbitrated. Thus, Allied waived its arbitration rights twice: by allowing the EEOC to handle Marie's charge for more than 60 days (i.e., 86 days), and by allowing Marie more than 60 days to exercise her suit rights. After Allied's second waiver, Marie was free to sue Allied in state or federal court.

Fifth, Allied's claim (see its memo. at 3-4) that Marie had only 60 days after her last day of work to pursue all of her claims, only by arbitration, is not credible. Nothing in Marie's employment agreement imposed a 60-day statute of limitations on all of her employment-related claims, and nothing required her to initiate arbitration. Marie was free to pursue administrative and judicial remedies, subject to Allied's right, by timely demand, to transfer the dispute to arbitration. As Allied's demand was not timely, Marie's suit can proceed.

Sixth, Allied's claim (see its memo. at 6-7) that it has six years to initiate arbitration in response to Marie's charge and lawsuit is ridiculous, because Allied's own agreement unequivocally gives Allied only 60 days. Moreover, Allied is disingenuously arguing that Marie had 60 days to raise any and all claims in arbitration, but that Allied has six years to demand arbitration from Marie. Nothing in the agreement or the Federal Arbitration Act supports such an amazing argument.

Seventh, Allied has not cited one decision that contradicts the Court's January 8th order.

2

For all of the reasons stated above, Allied's motion should be denied, and Marie should be granted such additional relief as is deemed appropriate.

MARTHA M. MARIE,
By her attorneys,

*Robert M. Mendillo*

Robert M. Mendillo, BBO #342780
MENDILLO & ROSS, LLP
One Liberty Square
Boston, MA 02109
617-338-9050

Dated: February 5, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail (by hand) on 2/5/04.

*Robert M. Mendillo* (Signature)

3

# MENDILLO & ROSS, LLP

Attorneys at Law
One Liberty Square
Boston, Massachusetts 02109

Robert M. Mendillo
Abbe L. Ross

(617) 338-9050
(617) 338-5959 (facsimile)
e-mail:  rmm@mendilloross.com
         alr@mendilloross.com

February 4, 2004

Civil Clerk's Office
United States Courthouse
1 Courthouse Way
Boston, MA  02210

Re:  Martha Marie v. Allied Home Mortgage Corporation, et al.,
     Civil Action No. 1:03-CV-12484-RGS

Dear Sir/Madam:

This firm represents the plaintiff, Martha Marie, in the above-referenced matter.

Enclosed for filing, please find Plaintiff's Opposition to Defendant Allied Home Mortgage Corporation's Motion to Dismiss or, in the Alternative, to Reconsider.

Thank you for your attention to this matter.  Please call if you have any questions.

Very truly yours,

Robert M. Mendillo

RMM/pw
Enclosure
cc:  Danielle Meagher, Esquire (w/enclosure)