UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 03-12484-RGS

MARTHA M. MARIE

v.

ALLIED HOME MORTGAGE CORPORATION and
JOSEPH THOMPSON

<u>MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS OR RECONSIDER</u>

February 18, 2004

STEARNS, D.J.

The motion is <u>DENIED</u> in either alternative. Allied wrote the contract provision at issue. It is extremely unlikely that plaintiff was in any position to bargain over its terms. Allied therefore should not be surprised at the application of the familiar rule that an ambiguous provision in an adhesion agreement will be strictly construed against the party that wrote it. <u>Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith</u>, 170 F.3d 1, 19 n.16 (1st Cir. 1999). The ambiguity is underscored by Allied's breathtaking argument that while plaintiff was bound to initiate arbitration (or file suit) within sixty days of the conclusion of the EEOC charge proceedings, Allied had six years – the limitations period for contract actions under Massachusetts law – to demand arbitration. Were this true, it is doubtful that a court would enforce so one-sided a surrender of a statutory right. Cf. <u>Beacon Hill Civic Ass'n v. Ristorante Toscano, Inc.</u>, 422 Mass. 318, 320-324 (1996). Because Allied, by its delay, waived its right to compel arbitration, the suit may proceed. <u>Martin v. Norwood</u>, 395 Mass. 159, 162 (1985).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE